Steven P. Haddad, Esq. (ID No. 006632002)
**THE HADDAD LAW FIRM, P.C.**
100 West Pond Road
Woodbridge, NJ 08861
Tel: 732-933-3535/ Fax: 732-933-3536
*Attorneys for Plaintiff, Melody Jimenez*

| | |
|---|---|
| **MELODY JIMENEZ,**<br><br>　　　　　　Plaintiff,<br>vs.<br><br>**UNITED STATES OF AMERICA, ROLLDIE GEORGES, NEW JERSEY PROPERTY-LIABILITY GUARANTY ASSOCIATION, JOHN DOES 1-10, JANE DOES 1-10,** (being fictitious persons unknown at this time), and/or **ABC COMPANY 1-10 and XYZ CORPORATION** (being fictitious entities unknown at this time),<br><br>　　　　　　Defendant(s). | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>CIVIL ACTION NO.<br><br>**COMPLAINT** |

Plaintiff, MELODY JIMENEZ state the following by way of Complaint against Defendants:

## PRELIMINARY STATEMENT

1. This matter involves a claim for personal injuries sustained by Plaintiff, MELODY JIMENEZ, as a result of a motor vehicle accident that occurred on January 15, 2018.

2. The subject accident occurred with a vehicle being operated by Defendant, ROLLDIE GEORGES and owned by Defendant, UNITED STATES OF AMERICA, through its designated agency, the United States Postal Service.

3. Plaintiff, MELODY JIMENEZ, resides at 470 Broadway, in the City of Bayonne, County of Hudson and State of New Jersey.

4. In accordance with the requirements of the law, a Standard Form 95 Claim For Damage, Injury, or Death, was filed with the United States Postal Service on behalf of Plaintiff in this matter in a timely fashion, on or about February 1, 2018. A formal denial of said claims has not yet been received but this action is being filed to protect the Statute of Limitations.

5. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1346(b), commonly known as the Federal Tort Claims Act, wherein, exclusive jurisdiction is granted for all civil actions on claims against the United States for money damages due to personal injury caused by the negligence of any employee or agency of the government.

6. Venue is laid in this judicial district pursuant to 28 U.S.C. §1402.

## FIRST COUNT

1. On or about January 15, 2018, Plaintiff, MELODY JIMENEZ, was a pedestrian walking across Broadway at/near its intersection with 22nd Street, in Bayonne, New Jersey.

2. At the aforesaid time and place, Defendant, ROLLDIE GEORGES was the operator of a motor vehicle owned by Defendant, UNITED STATES OF AMERICA, through its designated agency, the United States Postal Service, and was making a left turn onto Broadway, from 22nd Street in Bayonne, New Jersey.

3. At the aforesaid time and place, Defendant(s), ROLLDIE GEORGES and UNITED STATES OF AMERICA owned, operated, maintained, and/or controlled their vehicle in a negligent, careless and/or reckless manner, so as to cause a collision between their vehicle and the pedestrian Plaintiff, MELODY JIMENEZ.

4. At the time and place aforesaid, the Defendant, ROLLDIE GEORGES, was operating the motor vehicle as an agent, servant and/or employee of Defendant(s), UNITED STATES OF AMERICA, through its designated agency, the United States Postal Service.

5. At the time and place aforesaid, the Defendant, UNITED STATES OF AMERICA, through its respective agents, servants, and employees, so negligently and carelessly owned and/or maintained the vehicle which was being operated, maintained and/or controlled by Defendant, ROLLDIE GEORGES, entrusted said vehicle to Defendant, ROLLDIE GEORGES and/or permitted said vehicle to be driven by Defendant, ROLLDIE GEORGES so as to cause same to strike the pedestrian Plaintiff.

6. As a direct and proximate result of the negligence of Defendants, Plaintiff, MELODY JIMENEZ was injured, has incurred and in the future will incur expenses for the treatment of her injuries, has been disabled and in the future will be disabled and not able to perform her usual functions, and has been and in the future will be caused great pain and suffering, to her great loss and damages.

**WHEREFORE**, Plaintiff, MELODY JIMENEZ, demands judgment against Defendants for damages, together with interest, attorney's fees, costs of suit, and any other relief the Court deems just.

## SECOND COUNT

1. Plaintiffs repeat the allegations contained in the previous Counts of this Complaint and makes it a part hereof.

2. The defendants, JOHN DOE 1-10, JANE DOE 1-10, ABC COMPANY 1-10 AND XYZ CORPORATION 1-10, are fictitious names intended to identify any and all parties, including individuals, corporations and/or other entities whose identities are presently unknown to Plaintiff, who together with the named Defendants were responsible for the ownership, operation, control, lease and maintenance of the vehicles involved in the collision referred to herein or who in anyway caused or contributed to Plaintiff's injuries.

3. As a direct and proximate result of the negligence of the aforesaid defendants, Plaintiff, MELODY JIMENEZ, suffered serious physical and emotional injuries of both a

temporary and permanent nature, considerable pain, anguish and suffering, shock, loss of wages and other special damages.

**WHEREFORE**, Plaintiff, MELODY JIMENEZ, demand judgment against the Defendants, together with interest and costs of suit.

### THIRD COUNT

1. The Plaintiff repeats and restates the allegations contained in the First and Second Count of this Complaint, as if fully set forth herein.

2. On or about January 15, 2018, Defendant, ROLLDIE GEORGES, negligently operated the vehicle so as to strike Plaintiff, MELODY JIMENEZ.

3. At the time and place aforesaid, Plaintiff, MELODY JIMENEZ, did not own a motor vehicle, nor did she reside in a household with anyone who has an automobile insurance.

4. Plaintiff, MELODY JIMENEZ, made a timely application to Defendant, the NEW JERSEY PROPERTY LIABILITY INSURANCE GUARANTY ASSOCIATION ("NJPLIGA"), for payment of medical bills.

5. Defendant, NJPLIGA, has wrongfully denied payment of the Plaintiff's medical bills.

**WHEREFORE**, Plaintiff, MELODY JIMENEZ, demands judgment against Defendant, NJPLIGA, for damages, together with interest, attorney's fees, costs of suit, payment of all medical bills, and any other relief the Court deems just.

Dated: 12/23/2019

_____
Steven P. Haddad, Esq.
**The Haddad Law Firm, P.C.**
*Attorneys for Plaintiff, Melody Jimenez*